UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MEGAN D. PHELPS, ET AL.                            CIVIL ACTION

VERSUS                                             NUMBER: 13-6685
                                                    c/w 13-6686

DAIMLER TRUCKS NORTH
AMERICA, LLC, ET AL.                               SECTION: "N" (5)

## ORDER AND REASONS

For the reasons stated by the Court during the course of the hearing that was held on July 9, 2014, Plaintiffs' and Defendant's competing motions for entry of a protective order (rec. docs. 33, 37) are denied. On or before July 18, 2014, the parties are to jointly submit a proposed protective order that is to be patterned after the Court's model protective order, copies of which were provided to counsel at the conclusion of the hearing.

Paragraph 5(b) of the Court's model protective order, entitled "Limited Third-Party Disclosures," allows for sharing of protected information with a limited number of categories of persons and/or entities. To that list, Plaintiffs seek to add the following category of persons:

> any attorney, expert, or consultant representing a party in other present or future cases in any court in the United States

>against Daimler Trucks, NA alleging claims arising out of the same or similar set of facts, transactions, or occurrences that are asserted in the complaint filed in this case (i.e., claims of injury or death alleged to have been caused by the defects in the tractor related to fuel system integrity and emergency egress).

(Rec. doc. 55, at 3).

In brief and at oral argument, Plaintiffs' counsel described this proposed language as permitting them to share documents deemed "confidential" by Defendant with "similarly situated plaintiffs" and their select representatives, such as experts and counsel. (Rec. doc. 33-2). Counsel further suggested that this Court might exercise jurisdiction over these far-flung and as-yet-unknown persons[1] by virtue of another proposed provision in the protective order which would require these persons to "submit" to the jurisdiction of this Court.

After reviewing the parties' briefs and citation to authorities therein, including the supplemental material submitted by Plaintiffs in support of their argument, the Court is unconvinced that the proffered provision is appropriate or necessary in this case and further declines the invitation to exercise jurisdiction (purportedly, at least) over an

---

[1] Notably, the proposed language would even allow sharing with litigants in "future cases." (Rec. doc. 55, at 3).

unknown number of litigants in cases filed and un-filed throughout the United States *ad infinitum*.

The Fifth Circuit has held that a protective order that restricts the dissemination and use of protected materials to the litigation in which those materials are produced is not "unduly constricting." *Scott v. Monsanto*, 868 F. 2d 786, 792 (5th Cir. 1989). Accordingly, this Court will not approve the language proffered by Plaintiffs (or any similar language) that would permit sharing of documents subject to the protective order ultimately issued in this case with "similarly situated" claimants or their representatives.

New Orleans, Louisiana, this 15th day of July, 2014.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE