UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MEGAN D. PHELPS, *ET AL.* | CIVIL ACTION |
| VERSUS | NO. 13-6685 c/w 13-6686 |
| DAIMLER TRUCKS NORTH AMERICA, LLC D/B/A FREIGHTLINER, LLC | SECTION "N" (5) |

## ORDER AND REASONS

Presently before the Court is intervenor Defendant CRST International Inc.'s motion for summary judgment on the issue of liability (Rec. Doc. 147). Plaintiff David Sarty ("Sarty"), alone, opposed the motion. (Rec. Doc. 172). CRST International filed a reply. (Rec. Doc. 191). Sarty filed a surreply. (Rec. Doc. 210). For the reasons stated herein, **IT IS ORDERED** that Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs do not challenge CRST International's motion for summary judgment on vicarious liability and corporate veil piercing grounds; therefore, summary judgment is **GRANTED** as unopposed on those grounds only. CRST International's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART** as to Sarty's claim for negligent undertaking.

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

Defendant CRST International argues in its motion that CRST International is not a proper defendant in this matter because it did not employ co-Plaintiff Ronald Phelps for vicarious liability purposes and it did not control the day-to-day operations of CRST Expedited Inc. as a requisite to pierce the corporate veil. Therefore, CRST International argues it cannot be held liable under these theories. (Rec. Doc. 147-1 at p. 5). Neither Phelps nor the Slaughter plaintiffs have opposed the motion. Furthermore, in his response in opposition, Plaintiff Sarty does not contest CRST International's arguments in favor of summary judgement on the issues of vicarious liability or corporate veil piercing. Sarty does, however, contend that CRST International is liable under the alternative grounds of negligent undertaking. (Rec. Doc. 172).

Pursuant to the theory of negligent undertaking, a defendant is liable for physical harm to a plaintiff resulting from: (1) the assumption of a duty; (2) failure to exercise reasonable care in

2

performing that duty; and (3) either (a) failure to exercise reasonable care increased the risk of harm, or (b) the defendant undertook to perform a duty owed by the employer to the injured party, or (c) harm is suffered because of reliance of the employer or injured employee upon the undertaking. *Bujol v. Entergy Services, Inc.,* 922 So. 2d 1113, 1128 (2004). In determining whether a parent corporation has assumed a duty, specifically a duty to control safety, courts look at the scope of the parent's involvement, the extent of the parent's authority, and intent of the parent. *Id.* at 1131.

In support of the first element, Plaintiff Sarty alleges that there is a genuine issue of material fact as to whether CRST International assumed a duty to control safety within CRST Expedited, Inc. based on the following: deposition testimony from CRST International's Vice President of Safety, Charles Haffenden indicating substantial authority over CRST Expedited's safety operations, CRST International's logo appearing on numerous safety presentations conducted at CRST Expedited, and Sarty's belief that he was being trained by CRST International. (Rec. Doc. 172 at p. 8). The Court notes, while not referenced in the pleadings at issue here, the record indicates that CRST International conducted the initial training of Sarty and, presumably, other drivers. (Rec. Doc. 237 at p. 8). CRST International argues in response that (1) Mike Gannon, not Charles Haffenden, testified as CRST International's corporate representative, and he indicated that CRST International in no way affirmatively assumed a duty to provide and/or control the safe working environment at CRST Expedited and (2) merely producing and including CRST International's logo on safety training materials that were provided to CRST Expedited is insufficient to assume the duty to control safety. Based on the circumstances and the facts in evidence, the Court finds that there exists a genuine issue of material fact regarding whether CRST International assumed a duty to control safety at CRST Expedited.

3

Sarty next claims that CRST International failed to exercise reasonable care when performing its assumed duty to control safety by (1) failing to control and enforce CRST Expedited's safety policies, (2) failing to properly train Mr. Phelps, (3) failing to hire safe and fire unsafe employees, like Mr. Phelps, and (4) failing to provide managerial oversight, which all together culminated in Mr. Phelps driving while he had "intoxicating amounts of marijuana in his system." (Rec. Doc. 204 at p.4). CRST International contends in opposition that Sarty is unable to identify any breach whatsoever, i.e. a failure to exercise reasonable care when performing the alleged duty. (Rec. Doc. 191). Moreover, CRST International avers that Sarty has failed to show an increased risk of harm, CRST International's undertaking of a duty owed to Sarty, or that harm was suffered because of reliance on the undertaken duty. (*Id.* at p. 4).

With regard to the breach element, Sarty has not pointed to *any* evidence demonstrating a failure to use reasonable care with regard to CRST International's hiring, training, or managerial practices within CRST Expedited. Nor has Sarty alleged any connection between these alleged failures to use reasonable care and the harm suffered by Sarty. Sarty's allegations are conclusory, at best, and are not supported by any facts in evidence. As stated above, if the dispositive issue is one on which the nonmoving party has the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely showing that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 325. Accordingly, summary judgment in favor of CRST International is appropriate in the context of hiring, training, and providing managerial oversight within CRST Expedited's safety operations.

Significantly, neither party has offered any evidence relating to the CRST Expedited's drug

testing policies or if Mr. Phelps was ever drug tested. However, viewing all facts and inferences in the non-moving party's favor and considering the fact that Mr. Phelps' blood contained traces indicative of drug use, the Court finds a genuine issue of material fact exists as to whether CRST International failed to use reasonable care in *controlling and/or enforcing* Expedited's safety policies, namely and specifically drug testing its drivers. In addition, at this stage of the proceeding, the Court finds a genuine issue of material fact concerning whether CRST International failed to act reasonably when permitting CRST Expedited to purchase the 18-wheeler tractor that was involved in the accident without a sleeper door emergency exit. The Court also finds a genuine issue of material fact exists concerning whether these failures contributed to Sarty's physical harm.

Therefore, summary judgment is **GRANTED** as unopposed on vicarious liability and corporate veil piercing grounds, and **GRANTED IN PART** in so far as CRST International negligently undertook to control the hiring, training, and managerial oversight of safety at CRST Expedited, and **DENIED IN PART** to the extent that CRST International failed to exercise reasonable care in enforcing CRST Expedited's safety policies.

New Orleans, Louisiana, this 15th day of June 2015.

                              **KURT D. ENGELHARDT**
                              **United States District Judge**