UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MEGAN D. PHELPS, ET AL. | CIVIL ACTION |
| VERSUS | NO. 13-6685<br>c/w 13-6686 |
| DAIMLER TRUCKS NORTH AMERICA, LLC<br>D/B/A FREIGHTLINER, LLC | SECTION "N" (5) |

## ORDER AND REASONS

Before the Court is the "Motion to Exclude Expert Testimony Under Daubert and the Federal Rules of Evidence and Alternatively Motion *in Limine*" filed by defendants CRST Expedited, Inc. and CRST International, Inc. (referred to herein collectively as "CRST") (Rec. Doc. 161).

In this motion, the CRST defendants seek to exclude the opinion of the plaintiffs' expert, Dr. Mary Case, on grounds that she is not qualified to opine as to the post-accident toxicology results for the driver of the vehicle, Ronald Phelps, and that her opinions are not based upon trustworthy scientific principles and methods. The motion is opposed by plaintiffs Sarah Slaughter and Allen R. Slaughter, Jr., Custodial Grandparents of Minor Zephra Annalynn Payne, and Administrators of the Estate of the Minor Zephra Annalynn appearing herein on Behalf of the Minor Zephra Annalynn

Payne, and David Sarty (herein referred to as the "*Slaughter* plaintiffs") (Rec. Doc. 170), and defendant Daimler Trucks North America, LLC ("DTNA") (Rec. Doc. 174). Movants filed a reply memorandum. (Rec. Doc. 203).

Having reviewed the pleadings herein, as well as the submitted exhibits and documents, the motion is **DENIED**. Insofar as her qualifications, Dr. Case appears to be qualified in the areas of expertise in which she is to be offered, forensics and pathology. The CRST defendants will certainly have the opportunity at trial to traverse her qualifications before the jury, and highlight any perceived deficiencies which would warrant the Court's rejection of her as an expert. On the showing made herein, Dr. Case appears quite qualified to testify in the areas of forensics and pathology. To the extent she relies upon a toxicology report in formulating her opinions, such does not defeat her expertise in the offered areas. The Court fails to see how Dr. Case should not be accepted as an expert in the fields of forensics and pathology simply because she may not be qualified (and is not offered as an expert in) the field of toxicology.

As to the opinions offered by Dr. Case in her December 15, 2014 report, the Court notes that the gravamen of the CRST defendants' motion appears to relate to the last six sentences in ¶ 2 (on Page 5) of her report. These sentences discuss Dr. Case's review of Ronald Phelps' toxicology report, and interprets such report to mean that Phelps was impaired at the time of the subject accident. Assuming that during the initial presentation of Dr. Case's testimony on direct, her use of toxicology reports as a normal and regular tool in the formulation of her opinions can be established,

the motion to exclude her opinions is without merit.  In other words, to the extent that toxicology reports are used as a tool in forensics and by pathologists such as Dr. Case, and the interpretation of such reports falls within the practice of formulating opinions such as those offered here, such opinion would be admissible, subject to cross examination as to how such opinion is dependent upon the accuracy and validity of the toxicology report itself.  Counsel for movants will be afforded a wide berth in cross examining this expert as to her opinions, however, the Court sees no reason to exclude such opinions on the showing made here.

For these reasons, the "Motion to Exclude Expert Testimony Under Daubert and the Federal Rules of Evidence and Alternatively Motion *in Limine*" is **DENIED**.

New Orleans, Louisiana, this 16th day of June 2015.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**