UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MEGAN D. PHELPS, ET AL. | CIVIL ACTION |
| VERSUS | NO. 13-6685<br>c/w 13-6686 |
| DAIMLER TRUCKS NORTH AMERICA, LLC<br>D/B/A FREIGHTLINER, LLC | SECTION "N" (5) |

## **ORDER AND REASONS**

Now before the Court are Defendant CRST International, Inc.'s ("CRST International") (1) Motion for Expedited Consideration of the Motion for Reconsideration (Rec. Doc. 296) and (2) Motion for Reconsideration of Motion for Summary Judgment on Liability (Rec. Doc. 297). For the reasons stated herein, the Motion for Expedited Consideration (Rec. Doc. 296) is hereby **GRANTED**, and the Motion for Reconsideration (Rec. Doc. 297) is hereby **DENIED**.

A motion for reconsideration "must 'clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory.'" *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990) (internal citations omitted). A motion for reconsideration may also be appropriate "when there has been an intervening change in the controlling law." *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

CRST International requests that the Court reconsider its Order granting in part and denying

1

in part CRST International's motion for summary judgment on the issue of liability (Rec. Doc. 278), in which the Court denied the motion with respect to Plaintiff David Sarty's claim for negligent undertaking.  CRST International states in its motion for reconsideration, "[i]n an abundance of caution, Movant seeks to apprise the court of all specific facts included in the record on these issues, since a variety of issues were initially raised in its original motion for summary judgment." (Rec. Doc. 297-1 at p. 1). CRST International does not argue any intervening change in law or newly discovered evidence. However, CRST International prays that the Court reverse its ruling because the evidence in the record, CRST International argues, is insufficient to find it liable under a theory of negligent undertaking.

After reviewing the relevant record, the parties' original pleadings, the instant Motion (Rec. Doc. 297), and the response in opposition filed by David Sarty (Rec. Doc. 298), the Court does not find that the Court committed manifest error of law or fact in its June 15, 2015 Order.  Accordingly, CRST International is not entitled to the relief sought, and its Motion for Reconsideration is hereby **DENIED**.

New Orleans, Louisiana, this 20th day of July 2015.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**